IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
    Plaintiff :
 :
 :
    v. : CRIMINAL NO. 1:CR-01-072-03
 :
 :
BEYAH SILLS,
    Defendant :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Under 18 U.S.C. § 3582(c), Defendant seeks a reduction in his sentence under Amendment 706 to the sentencing guidelines. The government has filed a response in which it agrees Defendant may be entitled to relief, subject to consideration of public safety factors and Defendant's institutional history.

In August 1998, a jury found Defendant guilty on counts 2, 4, 6, and 7 of a superseding indictment. Count 2 charged him with distribution of fifty grams or more of crack cocaine. Counts 4, 6, and 7 charged him with using and carrying a firearm in relation to a drug trafficking crime.

Counts 4, 6, and 7 carried mandatory consecutive sentences of five, twenty-five and twenty-five years, respectively, for a total of fifty-five consecutive years (660 months). For count 2, Defendant had a base offense level of 32,

based on a drug quantity of at least 50 grams but less than 150 grams of crack cocaine. This became his total offense level. With a criminal history category of III, Defendant's sentencing range on count 2 was 151 to 188 months. At sentencing, the government moved for a downward departure. The court granted the motion and sentenced Defendant on October 3, 2002, to an aggregate term of 180 months' imprisonment, consisting of 120 months on count 2, a consecutive term of thirty-six months on count 4, and consecutive terms of twelve months on each of counts 6 and 7. This represented a reduction of 78% from the bottom of the guideline range for all the offenses, which totaled 811 months.

The probation office has submitted an addendum to the original pre-sentence report which concludes that Amendment 706 applies to Defendant. Amendment 706 reduces Defendant's base offense level to 30, making his amended guideline range on count 2 121 to 151 months.

Pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10, the court has also considered the nature and seriousness of the danger to any person or the community that may be posed by a reduction in Defendant's term of imprisonment, Defendant's postconviction conduct, and the factors set forth in 18 U.S.C. § 3553(a). Based on the same, the court adopts the pre-sentence report addendum and finds that a reduction in Defendant's term of imprisonment is supported by these considerations. We therefore

2

conclude that Defendant should be resentenced on count 2 to 112 months imprisonment, making his aggregate term of imprisonment 172 months, which corresponds to the 78% reduction Defendant originally received.

Accordingly, this 30th day of June, 2009, it is ORDERED that:

    1. Defendant's pro se and counseled motions (doc. 223 and 230) under 18 U.S.C. § 3582(c)(2) are granted as follows.

    2. Pursuant to 18 U.S.C. § 3582(c)(2), Defendant's previously imposed sentence of 120 months on count 2 (imposed October 3, 2002) is vacated and a sentence of 112 months on count 2 is imposed.

    3. Except as provided herein, all provisions of the judgment of October 3, 2002, shall remain in effect.

    /s/William W. Caldwell
    William W. Caldwell
    United States District Judge